UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.

JOSHUA TOOMEY and SHANNA COFFIN

    Plaintiffs

v.

MARYLANE APARTMENTS, LTD., a Florida limited partnership; HAZELWOOD APARTMENTS, LTD., a Florida limited partnership; SHERWOOD APARTMENTS, LTD., a Florida limited partnership; SOUTHEASTERN MANAGEMENT COMPANY, INC., a foreign corporation d/b/a SEMC OF FLORIDA, INC.; MICHAEL DORAN, an individual; JOHN LITTLE, an individual; and VICKI BARNETT, an Individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiffs, JOSHUA TOOMEY (hereinafter, "TOOMEY") and SHANNA COFFIN (hereinafter, "COFFIN") by and through her undersigned attorney, files this, their Complaint for Damages against Defendants, MARYLANE APARTMENTS, LTD. (hereinafter, "MARYLANE"); HAZELWOOD APARTMENTS, LTD. (hereinafter, "HAZELWOOD"); SHERWOOD APARTMENTS, LTD. (hereinafter, "SHERWOOD"); SOUTHEASTERN MANAGEMENT COMPANY, INC. d/b/a SEMC OF FLORIDA, INC. (hereinafter, "SOUTHEASTERN"); MICHAEL DORAN (hereinafter, "DORAN"); JOHN LITTLE (hereinafter, "LITTLE"); and VICKI BARNETT (hereinafter, "BARNETT"); and states as follows:

## INTRODUCTION

1. This is an action by both Plaintiffs to recover unpaid minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment ("FMWA"), Article X, §24 of the Florida Constitution. Plaintiff, JOSHUA TOOMEY, also brings a claim for unpaid overtime under the FLSA.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3. At all times pertinent to this Complaint, the Defendants operated as a single, unified enterprise engaged in the property management and rental business.

4. HAZELWOOD, SHERWOOD, MARYLANE, and SOUTHEASTERN were enterprises engaged in interstate commerce, respectively. At all times pertinent to this Complaint, HAZELWOOD, SHERWOOD, MARYLANE, and SOUTHEASTERN, regularly owned and operated a business enterprise, respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. The Defendants operated government subsidized rental apartment buildings, all of which operated as a single unified business enterprise.

6. Plaintiffs' work at these motels/apartments involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included cleaning supplies, tools, paint, construction supplies, and other materials necessary for the operation of apartment buildings. These materials were manufactured outside the State of Florida.

7. During the relevant time period, the Defendants employed at least two other individuals besides the Plaintiffs, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials also included cleaning supplies, tools, paint, construction supplies, and other materials necessary for the operation/rental of apartment buildings —and, were manufactured outside the State of Florida.

8. Upon information and belief, during the period of the Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

9. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Northern District of Florida.

10. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Northern District of Florida.

## **VENUE**

11. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Northern District of Florida and,

    b. Defendants were and continue to be a business entities and individuals doing business within this judicial district.

## PARTIES

12. At all times material hereto, Plaintiff, JOSHUA TOOMEY was a resident of Washington County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

13. At all times material hereto, Plaintiff, SHANNA COFFIN was a resident of Washington County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

14. At all times material hereto, the Defendants were conducting business in Washington, Holmes and Walton Counties, Florida.

15. At all times material hereto, Defendants were the employers of the Plaintiff, JOSHUA TOOMEY.

16. At all times material hereto, Defendants were the employers of the Plaintiff, SHANNA COFFIN.

17. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution.

18. At all times material hereto, Defendants failed to pay Plaintiffs wages in conformance with the FLSA.

19. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

20. At all times material hereto, Defendants, HAZELWOOD, SHERWOOD, MARYLANE, and SOUTHEASTERN were "enterprise[s] engaged in commerce" within the meaning of the FLSA.

21. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

22. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### STATEMENT OF FACTS

23. From about June 21, 2019 through about March 17, 2020, the Plaintiff, JOSHUA TOOMEY was employed by the Defendants to work as a maintenance man and laborer at Defendants' apartment rental business.

24. From about June 21, 2019 through about March 17, 2020, the Plaintiff, SHANNA COFFIN was employed by the Defendants to work as a laborer, cleaner and manager-in-training. COFFIN assisted in preparing Defendants' rental units so they could be occupied by tenants.

25. The Defendants failed to keep records in full compliance with the FLSA's recordkeeping requirements, with respect to the Plaintiffs' employment.

26. The Defendants paid Plaintiff, JOSHUA TOOMEY $10.00 per hour, however, Defendants failed to pay the Plaintiff wages for hours in excess of 40 per week, including failing to pay TOOMEY overtime wages at the rate of time-and-one-half.

27. In certain weeks, the Defendants failed to pay TOOMEY any wages for his work.

28. In virtually all COFFIN's workweeks, the Defendants failed to pay her at or above the minimum wage for her work hours.

29. Defendant MICHAEL DORAN was a supervisor and manager/owner who was involved in the day-to-day operations of HAZELWOOD, SHERWOOD, MARYLANE, and SOUTHEASTERN, and was directly responsible for the supervision of Plaintiffs  Therefore, he is personally liable for the FLSA and FMWA violations.

30. Defendant MICHAEL DORAN was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs.

31. Defendant JOHN LITTLE was a supervisor and manager/owner who was involved in the day-to-day operations of HAZELWOOD, SHERWOOD, MARYLANE, and SOUTHEASTERN, and was directly responsible for the supervision of Plaintiffs  Therefore, he is personally liable for the FLSA and FMWA violations.

32. Defendant JOHN LITTLE was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs.

33. Defendant VIKKI BARNETT was a supervisor and manager/owner who was involved in the day-to-day operations of HAZELWOOD, SHERWOOD, MARYLANE, and SOUTHEASTERN, and was directly responsible for the supervision of Plaintiffs  Therefore, she is personally liable for the FLSA and FMWA violations.

34. Defendant VICKY BARNETT was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs.

35. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### (BY JOSHUA TOOMEY AGAINST ALL DEFENDANTS)

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

36. Plaintiff JOSHUA TOOMEY realleges Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Plaintiff, JOSHUA TOOMEY's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

38. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

39. During Plaintiff, JOSHUA TOOMEY's employment, Defendants paid him less than the statutory minimum wage during three (3) weeks of his employment.

40. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

41. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff, TOOMEY, is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT II

### (BY JOSHUA TOOMEY AGAINST ALL DEFENDANTS)

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

42. Plaintiff, JOSHUA TOOMEY, realleges Paragraphs 1 through 35 as if fully stated herein.

43. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff, JOSHUA TOOMEY, at least the applicable Florida minimum wage.

44. During Plaintiff, JOSHUA TOOMEY's employment, Defendants paid him less than the statutory minimum wage for some of his work hours.

45. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff JOSHUA TOOMEY respectfully requests that judgment be entered in his favor against the Defendants:

    a.    Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

    b.    Awarding Plaintiff all back wages due and owing in the amount calculated above;

    c.    Awarding Plaintiff liquidated damages in the amount equal to her back wages;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

    e.    Awarding Plaintiff prejudgment and post-judgment interest;

    f.    Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such violation; and,

    g.    Awarding such other and further relief this Court deems to be just and proper.

## COUNT III

### (BY JOSHUA TOOMEY AGAINST ALL DEFENDANTS)

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

46. Plaintiff, JOSHUA TOOMEY realleges Paragraphs 1 through 35 as if fully stated herein.

47. Since Plaintiff, JOSHUA TOOMEY's date of hire with Defendants, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

48. Plaintiff JOSHUA TOOMEY was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

49. Defendants failed to pay JOSHUA TOOMEY overtime compensation in the lawful amount for hours worked by him in excess of the maximum hours provided for in the FLSA.

50. Plaintiff, JOSHUA TOOMEY frequently worked approximately 25 hours of *overtime* (hours in excess of 40) per week throughout his employment.

51. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, JOSHUA TOOMEY, at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due. Defendants also failed to properly disclose or apprise JOSHUA TOOMEY of his rights under the FLSA.

52. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, JOSHUA TOOMEY, is entitled to liquidated damages pursuant to the FLSA.

53. Due to the willful, malicious and unlawful acts of Defendants, Plaintiff, JOSHUA TOOMEY has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, JOSHUA TOOMEY, respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated ($15,347.75);

c. Awarding Plaintiff liquidated damages;

d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.  Awarding Plaintiff post-judgment interest; and

f.  Ordering any other and further relief this Court deems to be just.

## COUNT IV

### (BY SHANNA COFFIN AGAINST DEFENDANTS)

### <u>VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)</u>

54. Plaintiff SHANNA COFFIN realleges Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

55. Plaintiff, SHANNA COFFIN's employment with Defendants was to consist of a normal workweek for which she should have been to be compensated at or above the FLSA minimum wage.

56. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

57. During Plaintiff, SHANNA COFFIN's employment with the Defendants, she was paid below the minimum wage in numerous workweeks.

58. Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff SHANNA COFFIN.

59. As a direct and proximate result of Defendants' willful violation of the FLSA, SHANNA COFFIN is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a.  judgment in her favor for all unpaid minimum wages due;

b.  liquidated damages;

    c.      attorneys' fees and costs pursuant to the FLSA;

    d.      post-judgment interest; and

    e.      all other and further relief this Court deems to be just and proper.

**COUNT V**

**(BY SHANNA COFFIN AGAINST DEFENDANTS)**

**<u>VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION</u>**

60. Plaintiff, SHANNA COFFIN, realleges Paragraphs 1 through 35 as if fully stated herein.

61. Pursuant to Article X, Section 24 of the Florida Constitution, the Defendants were required to pay Plaintiff, SHANNA COFFIN, at least the applicable Florida minimum wage.

62. During Plaintiff, SHANNA COFFIN's employment, the Defendants paid her less than the statutory minimum wage for all work hours.

63. The Defendants acted willfully and maliciously in paying Plaintiff SHANNA COFFIN below the minimum wage.

WHEREFORE, Plaintiff SHANNA COFFIN respectfully requests that judgment be entered in her favor against the Defendants:

    a.      Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

    b.      Awarding SHANNA COFFIN all back wages due and owing in the amount calculated above;

    c.      Awarding SHANNA COFFIN liquidated damages in the amount equal to her back wages;

    d.      Awarding SHANNA COFFIN reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding SHANNA COFFIN prejudgment and post-judgment interest;

f. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such violation; and,

g. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date:  June 17, 2020.

                Respectfully submitted,

                BOBER & BOBER, P.A.
                Attorneys for Plaintiff
                2699 Stirling Road
                Suite A-304
                Hollywood, FL 33312
                Phone: (954) 922-2298
                Fax: (954) 922-5455
                peter@boberlaw.com
                samara@boberlaw.com

                By:    s/.  Peter Bober
                          PETER BOBER
                          FBN:  0122955
                          SAMARA ROBBINS BOBER
                          FBN: 0156248